## Harry V. Finkelstein v. Walter L. Spurck.

### Gen. No. 4,389.

1. REAL ESTATE BROKER—*when, entitled to commission.* Where the owner negotiates a sale in person, with a party whom the broker has found and with whom his negotiations are still pending, the broker is entitled to a commission.

Action of assumpsit. Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

JOSEPH WEIL and ISAAC J. LEVINSON, for appellant.

J. A. CAMERON, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

Appellant engaged appellee, a real estate broker, to sell his real estate for $7,000, appellee's compensation to be whatever he could realize above the price fixed. Appellee interested M. A. Cook in the property; it was priced to Cook at $8,000; Cook looked at the property, liked it, but said his company, the Cook Heater Company, would not be ready to buy until September. While their negotiations were going on appellant called on appellee and inquired how he was progressing with the sale of the property. Appellee told appellant he had a purchaser and that he expected to close the deal; appellant asked for the name of the proposed buyer, but appellee at first declined to tell him. Appellant then said if appellee would tell him who the prospective buyer was, and he could make the sale, appellant would protect appellee, and then appellee told appellant who was negotiating for the property. Appellant then went to Mr. Cook and sold him the property for $7,500. Appellee demanded his commission and appellant refused to pay him, and this suit was brought. A trial was had before the court without a jury and a finding for appellee and his damages assessed at $200, upon which

judgment was rendered and this appeal is prosecuted to reverse the judgment.

No propositions of law were submitted to the court. It is contended the verdict is not supported by the evidence. There is a conflict between the parties as to some of the material facts, but we think appellee is corroborated by his brother, and the purchaser, sufficiently to give him a preponderance of the evidence. Where the owner negotiates a sale in person, with a party whom the broker has found and with whom he has negotiations still pending, the broker is entitled to commission. Hafner v. Herron, 165 Ill. 242; Wilson v. Mason, 158 Ill. 304; Henry v. Steward, 185 Ill. 448; Kaestner v. Oldham, 102 App. 372.

The court permitted proof of what the usual and customary charges were for such services, over the objection of appellant, and this ruling is assigned as error. The promise of appellant " to take care of appellee " if appellant should make the sale, may, very properly, be regarded as such a modification of the original contract as to make this evidence admissible.

There being no error in the record, the judgment is affirmed.

*Affirmed.*